1  STUEVE SIEGEL HANSON LLP
   Jason S. Hartley (SBN No. 192514)
2  550 West C Street, Suite 610
   San Diego, California 92101
3  Phone: (619) 400-5822
   Fax: (619) 400-5832
4  hartley@stuevesiegel.com

5  LITE DEPALMA GREENBERG, LLC
   Bruce D. Greenberg (pro hac vice to be filed)
6  Allyn Z. Lite (pro hac vice to be filed)
   Susana Cruz Hodge (pro hac vice to be filed)
7  Two Gateway Center, 12th Floor
   Newark, New Jersey 07102
8  Tel: (973) 623-3000
   Fax: (973) 623-0858
9  bgreenberg@litedepalma.com
   alite@litedepalma.com
10 scruzhodge@litedepalma.com

11
12 Attorneys for Plaintiff and the Class

13              **UNITED STATES DISTRICT COURT**
14             **SOUTHERN DISTRICT OF CALIFORNIA**
15

16 **ROSACLAIRE BAISINGER, on**          **CASE NO.:** '11CV2367 JM   JMA
   **behalf of herself and all others**
17 **similarly situated,**                **CLASS ACTION**

18                  **Plaintiff,**          **COMPLAINT FOR DAMAGES,**
                                            **EQUITABLE, DECLARATORY**
19                    **v.**                 **AND INJUNCTIVE RELIEF**

20 **KASHI COMPANY, a California**         **DEMAND FOR JURY TRIAL**
   **Corporation,**
21

22                  **Defendant.**
23

24
25         Plaintiff, by her attorneys, brings this class action against Defendant Kashi
26 Company ("Kashi"), on her own behalf and on behalf of all others similarly
27 situated, and alleges as follows based upon information and belief and the
28

                                                          CASE NO: _____

investigation of her counsel:

**INTRODUCTION**

1.      This is a class action on behalf of a nationwide class of consumers who purchased Kashi food products, beginning four years prior to the date of the filing of this Complaint through the present ("Class Period"), that despite being packaged, marketed and sold as "All Natural" and containing "nothing artificial," contain artificial and synthetic ingredients, each of which has been declared a recognized synthetic chemical or ingredient by Food and Drug Administration ("FDA") regulations.[1] *See* 7 C.F.R. § 205.605(b).

2.      The artificial and synthetic ingredients used by Kashi include, but are not limited to, one or more of the following ingredients: Monocalcium Phosphate, Sodium Citrate, Disodium Phosphate, Xantham Gum, Sodium Acid Pyrophosphate, Glycerin or Vegetable Glycerin, Ascorbic Acid, and Potassium Carbonate a/k/a Cocoa processed with Alkali.

3.      Throughout the Class Period, Kashi has touted an "All Natural" product line that contains "nothing artificial" despite the fact that its products contain one or more artificial and synthetic ingredients.  Through its representations, Kashi trumpets the company's "All Natural" food philosophy and its supposed dedication to a healthy diet and wholesome lifestyle and promotes the sale of its products by (a) prominently making the claim "All Natural" on the labels of its food products, even though the food products were actually <u>not</u> "All Natural"; and (b) stating on its website that its products contain "nothing artificial" when, in fact, Kashi uses several artificial and synthetic ingredients in its food products.

---

[1]   As used throughout this Complaint, Kashi's food products include the products identified in paragraphs 31 through 38 of this Complaint.

4.     The "All Natural" food products' labels do not expressly disclose that the products actually contain synthetic or artificial ingredients, but only list certain ingredients such as Ascorbic Acid, Disodium Phosphate, Glycerin or Vegetable Glycerin, Monocalcium Phosphate, Potassium Carbonate a/k/a Cocoa processed with Alkali, Sodium Acid Pyrophosphate, Sodium Citrate, and/or Xantham Gum. Despite this listing of ingredients, in light of the labels' "All Natural" representation and the "nothing artificial" representations on Kashi's website, a reasonably prudent consumer would not normally expect the food products to contain any synthetic or artificial ingredients.  By providing consumers with products containing false and misleading labeling, Kashi was able to sell these supposedly "All Natural" products containing "nothing artificial" to thousands of unsuspecting consumers in California and throughout the United States and, by doing so, to derive significant profits from its misleading "All Natural" representation.

5.     Kashi's conduct of misrepresenting its products as "All Natural" violates the unlawful, unfair, and fraudulent prongs of California's Business and Professions Code section 17200, *et seq.* (the "UCL"), violates California's Business and Professions Code section 17500 *et seq.* (the "FAL"), violates the Consumers Legal Remedies Act of the California Civil Code § 1750, *et seq.* (the "CLRA"), and gives rise to common law fraud.  Plaintiff also alleges that Kashi's conduct is grounds for restitution on the basis of quasi-contract/unjust enrichment.

6.     Plaintiff also seeks injunctive and declaratory relief because, as of the date of this Complaint, retail stores in California and throughout the United States are selling Kashi's food products labeled as "All Natural" to unsuspecting consumers and the Kashi website advertises its food products as containing "nothing artificial" despite the fact that the food products contain synthetic or artificial ingredients.  Plaintiff seeks declaratory and injunctive relief to ensure that Kashi removes any and all of the "All Natural" representations from labels on its

food products available for purchase and the "nothing artificial" advertising on its website.  Plaintiff also seeks declaratory and injunctive relief to prevent Kashi from making the "All Natural" representation on its food product labels and the "nothing artificial" claim on its website in the future, as long as the food products continue to contain synthetic or artificial ingredients. Plaintiff seeks such relief because, even if Kashi elects to remove the "All Natural" representation from the labels and the "nothing artificial" representation from its website, Kashi is not presently enjoined from putting the "All Natural" representation back on its labels and the "nothing artificial" representation on its website at any time it so chooses, even if its food products still contain unnatural synthetic or artificial ingredients.

7.     The misleading labeling on food products and on Kashi's website and related misconduct at issue in this Complaint, including, but not limited to: (a) the design of the food products' packaging; (b) the review, approval and revision of food products, labeling, and the representations made on Kashi's website; and (c) the management and supervision of sales operations to Plaintiff and the Class, was conducted and/or was directed primarily from, or at least a substantial proportion emanated from, California.

8.     Kashi is incorporated in California, has its principal place of business in La Jolla, California and maintains manufacturing, storage and distribution facilities in California.  Kashi operates and directs the majority, or at least a substantial proportion, of its nationwide sales and business operations from the manufacturing, storage and distribution facilities maintained in California.  Kashi also operates, manages and directs its nationwide sales and business operations from its offices in California.  Further, Kashi's food product labels and the claims made thereon were created, made and/or directed by Kashi primarily from, or at least a substantial proportion emanated from, California.

1

## PARTIES

2       9.     Plaintiff Rosaclaire Baisinger, who currently resides at 212 Hugel

3   Drive, Apt. 1E in Pittsburgh, Pennsylvania, 15209, was a resident of San Francisco,

4   California in San Francisco County from September 2001 to September 2010.

5   While Ms. Baisinger was a resident of San Francisco, California, she purchased

6   numerous Kashi food products at several local Safeway and Whole Foods

7   supermarkets.  From September 2010 to August 2011, Ms. Baisinger purchased

8   Kashi food products at Giant Eagle supermarkets in Pittsburgh, Pennsylvania.  On

9   average, Ms. Baisinger purchased Original 7-Grain GoLean Waffles, Black Bean

10  Mango Kashi Frozen Entrees, and Red Curry Chicken Kashi Frozen Waffles on a

11  monthly basis.  She also purchased Chocolate GoLean Crunchy! Bars, Thin Crust

12  Margherita Pizzas, and Honey Almond Flax TLC Chewy Granola Bars

13  approximately five times per year.

14      10.     Ms. Baisinger seeks to live a healthy lifestyle and therefore has paid

15  and continues to pay a premium for foods that are all natural and refrains from

16  buying unnatural foods that contain synthetic and artificial ingredients.  Ms.

17  Baisinger believed that the products she purchased were all natural because Kashi

18  represented its products as "All Natural" and containing "nothing artificial" despite

19  the fact that they contained synthetic or artificial ingredients.   Ms. Baisinger relied

20  upon Kashi's labeling and advertising and purchased Kashi products because Kashi

21  touted them as "All Natural" and failed to disclose that they indeed contained

22  synthetic or artificial ingredients.  Ms. Baisinger only purchased Kashi products

23  because she desired to eat healthier foods and Kashi represented that its foods were

24  "All Natural" and advertised that Kashi food products contained "nothing artificial"

25  on its website. However, the food products that Ms. Baisinger purchased were not

26  "All Natural" as labeled on its food products and advertised on Kashi's website,

27  thereby causing Ms. Baisinger to purchase products that contained synthetic or

28

artificial ingredients and interfered with her desire to maintain a wholesome diet and healthy lifestyle.

11.     Defendant Kashi Company was founded by Philip and Gayle Tauber in La Jolla, California in 1984.  In 1999, Kashi launched its GoLean™ line of products, which includes many of the food products at issue in this complaint. Kellogg Company bought Kashi in June 2000 for $32 million, after Kashi posted record sales of nearly $25 million in 1999. Although Kellogg is headquartered in Battle Creek, Michigan, Kashi continues to operate as an independent business unit at 4275 Executive Square, Suite 500, La Jolla, California, 92037.  According to a 2009 presentation by David DeSouza, then Vice President and General Manager for Kashi, Kashi's 2008 net sales in North America totaled more than $600 million.[2] Moreover, Kashi touts itself as the "leading natural foods company in the US and the largest in the world."[3]  In addition, Kashi is one of the top five Breakfast/Cereal/Snack Bar brands in the United States.[4]

12.     Kashi sells, markets, manages and develops a full spectrum of "All Natural" cereal and snack food products, and has expanded its offerings to include frozen foods, such as dinner entrees and pizzas.  Since Kashi was founded, it has claimed to produce a variety of food products made entirely with natural ingredients and all natural flavors.  Kashi touts its company as one dedicated "To living well. To eating better. To Ingredients grown in the sun."[5]  Certainly, the artificial and synthetic ingredients used in Kashi's food products do not "grow in

---

[2]   David DeSouza, Vice President & General Manager, 2009 Analyst Day: Kashi 2 (2009), available at http://files.shareholder.com/downloads/K/1289206394x0x330718/9FB4C725-FAD5-487B-B516-3A22BECDF2FC/11_Kashi_DeSouza.pdf.

[3]   Kashi: Meet Us, http://www.kashi.com/meet_us/careers (last visited June 14, 2011).

[4]   *Top Breakfast/Cereal/Snack Bar Brands, 2009*, Market Share Reporter (Robert S. Lazich and Virgil L. Burton, III, eds., 2011).

[5]   http://www.kashi.com/real_food/promise

the sun" as portrayed on Kashi's website.  In fact, Kashi maintains an "Ingredient

Decoder" on its website which allegedly lists artificial and synthetic ingredients that

Kashi "uses" and "avoids."  With the exception of glycerin, none of the artificial

and synthetic ingredients set forth in ¶ 2, above, are listed on the "Ingredient

Decoder" despite the fact that these ingredients are used in Kashi products and run

counter to Kashi's touted "All Natural" food philosophy.  Kashi's use of these

ingredients contradicts Kashi's supposed philosophy and dedication to a healthy

diet and wholesome lifestyle.   As a result of Kashi's misleading labeling and

advertising, Kashi causes unsuspecting consumers to purchase its products under

the belief that they are purchasing "All Natural" food products containing "nothing

artificial" and that these food products are in harmony with their desire to live a

healthy lifestyle.

   13. Kashi's products are sold and distributed nationwide in grocery stores,

natural food stores, and other venues.  Kashi's products are also available online *via*

Kashi's online store, http://www.kashistore.com.

## JURISDICTION AND VENUE

   14. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(d)(2).

The nationwide class ("Class") consists of citizens and residents of states across the

country.[6] Kashi is incorporated in California and maintains its principal place of

business in California.  Moreover, the aggregate amount in controversy exceeds

five million dollars ($5,000,000.00) exclusive of interest and costs. This sum

reflects the combined purchase prices paid by Plaintiff and the Class members, as

well as the profits earned by Kashi from those transactions as a direct and

proximate result of Kashi's unlawful conduct alleged in this Complaint, which is

reflected in the injunctive and equitable relief sought.

---

[6] In the event that a national class is not certified, Plaintiff preserves the right to seek class certification of either a multi-state or California state class against Kashi.

CASE NO: _____

15.     Venue within this judicial district is proper under 28 U.S.C. § 1391. A substantial portion of the underlying transactions and events set forth in this Complaint occurred and affected persons and entities in this judicial district. Kashi has received substantial compensation from such transactions and business activity in this judicial district.  Moreover, Kashi's principal place of business is headquartered in this district, and the interstate trade and commerce described in this Complaint is and has been carried out in part within this judicial district.

## **BACKGROUND**

16.     FDA policy instructs that "natural" food includes that without any "added color, artificial flavors, or synthetic substances."[7]

17.     **Monocalcium Phosphate**. Monocalcium Phosphate, a recognized synthetic under federal regulation (7 C.F.R. § 205.605(b)), is a chemical made by reacting Calcium Phosphate with Sulfuric Acid or Dicalcium Phosphate with Phosphoric Acid. It is most commonly used in agricultural fertilizers, and it is added to food products as a leavening agent to help baked goods rise.

18.     **Sodium Citrate**. Sodium Citrate, the Sodium Salt of Citric Acid, is a recognized synthetic under federal regulation (7 C.F.R. § 205.605(b)). It is made by reacting Sodium Carbonate with Citric Acid. Sodium Citrate is used as a preservative in food as well as to provide tart flavor in juices, soft drinks, club soda, and sometimes sausages.

19.     **Disodium Phosphate**. Disodium Phosphate (a/k/a Disodium Hydrogen Phosphate), a recognized synthetic under federal regulation (7 C.F.R. § 205.605(b)), is a synthetic Sodium Salt of Phosphoric Acid. It is generally

---

[7] http://www.fda.gov/AboutFDA/Transparency/Basics/ucm214868.htm. *See also* http://www.fda.gov/ForConsumers/ConsumerUpdates/ucm094536.htm and 58 Fed. Reg. 2302, 2307 (Jan. 6, 1993) ("[T]he [FDA] will maintain its policy […] regarding the use of 'natural,' as meaning that nothing artificial or synthetic (including all color additives regardless of source) has been included in, or has been added to, a food that would not normally be expected to be in the food.").

manufactured by treating Phosphoric Acid with Sodium Bicarbonate, and is used in foods for various purposes such as to enhance the texture of food, as an emulsifier, and as a leavening agent.

20.    **Xanthan Gum**. Xanthan Gum, a recognized synthetic ingredient by federal regulation (7 C.F.R. § 205.605(b)), is a Polysaccharide derived from the fermentation of sugars by the *Xanthomonas Campesris* bacterium and purification using Isopropyl Alcohol. It is used as an emulsifier in salad dressings and as a thickening or stabilizing agent in beverages.

21.    **Sodium Acid Pyrophosphate**. Sodium Acid Pyrophosphate (SAPP), a recognized synthetic chemical by federal regulation (7 C.F.R. § 205.605(b)), is typically used to prevent discoloration of potatoes and sugar syrups; to prevent grit from forming in canned seafood; and as a leavening agent in baked goods.

22.    **Glycerin**. Glycerin (a/k/a Glycerine or Glycerol) is a recognized synthetic under federal regulation (7 C.F.R. § 205.605(b)), which is often derived from Propane. It is used in soap and beauty products for its humectant properties (it absorbs ambient water, sealing in moisture). Glycerin is a permissible additive to food only when produced by hydrolyzing fats and oils. 7 C.F.R. § 205.603. It is used in some food products as a sweetener, preservative, or thickening agent.

23.    **Ascorbic Acid**. Ascorbic Acid, a recognized synthetic under federal regulation (7 C.F.R. § 205.605(b)), is a chemically modified form of Vitamin C—whole food Vitamin C contains no ascorbic acid. It is generally produced from corn or wheat starch being converted to Glucose, then to Sorbitol and then to Ascorbic Acid through a series of chemical processes and purification steps. Ascorbic Acid is used in foods as an antioxidant and preservative.

24.    **Potassium Carbonate/Cocoa Processed with Alkali.** Potassium Carbonate is a recognized synthetic ingredient under federal regulation (7 C.F.R. § 205.605(b)). It is prepared by passing an electrical current through Potassium Chloride, and reacting the resulting Potassium Hydroxide with Carbon Dioxide.

Potassium Carbonate can be added to foods for its basic (acid neutralizing) properties. In food products, Potassium Carbonate is typically used in alkalized or Dutch-process Cocoa.  Unsweetened baking Cocoa powder is usually rendered in one of two forms: unalkalized Cocoa or a version known as alkalized or Dutch-process Cocoa.  Unalkalized Cocoa is light in color and somewhat acidic with a strong chocolate flavor.  Alkalized Cocoa is processed with an alkali to neutralize its acidity making it slightly milder in taste, with a deeper and warmer color than unalkalized Cocoa. For use in its alkalized form, a Dutching or alkalization takes place during the processing of the Cocoa beans. During this process an alkali, usually either Potassium Carbonate or Sodium Carbonate, is suspended in water to neutralize acids and alter the pH level of the beans.  This alkalizing agent darkens the Cocoa, makes it milder in flavor and increases its dispersability.  The FDA requires that "when any optional alkali ingredient" is used, "the name of the food shall be accompanied by the statement 'Processed with alkali', or 'Processed with —', the blank being filled in with the common or usual name of the specific alkali ingredient used in the food." 21 C.F.R. § 163.112(c)(1).  Kashi's products either expressly identify Potassium Carbonate as the alkalizing agent or list the ingredient as "COCOA (PROCESSED WITH ALKALI)" or "COCOA TREATED WITH ALKALI" without identifying the alkalizing agent.  Kashi's products containing Alkalized Cocoa are processed with Potassium Carbonate.  Notably, the other commonly used alkali in making Alkalized Cocoa—Sodium Carbonate—is a recognized non-synthetic, natural substance.  7 C.F.R. § 205.605(a). While Kashi may claim some of its products may have, to some degree, used Alkalized Cocoa processed with one or more of these less commonly used alkali substances, it is claimed by Plaintiff that the Kashi products did not contain Alkalized Cocoa processed with one of the non-synthetic alkali substances, and instead contained Alkalized Cocoa processed with one of the synthetic alkali substances.

## SYNTHETIC OR ARTIFICIAL INGREDIENTS
## IN KASHI'S FOOD PRODUCTS

25.    Kashi's food products, displaying the "All Natural" representation on their labels as well as the "nothing artificial" representation made on Kashi's website, fail to disclose that Kashi's food products in fact contain synthetic or artificial ingredients.

26.    Product package labels, dubbed by the FDA as "front-of-package" labels, are tremendously important with respect to American consumers' selection of food products. Given the increased public interest in identifying healthier and wholesome foods, companies use such labeling to catch the attention of time-crunched shoppers.[8] Consumer research shows that consumers use front-of-package labels as a helpful time-saver, and a large percentage of consumers trust that all or most labeling claims are accurate.[9] Significantly, front-of-package labels "make it less likely that consumers will read the complete Nutrition Facts information on the back."[10] Kashi preys upon unsuspecting consumers' reliance on the truthfulness of its "front-of-package" labels by labeling its food "All Natural" and advertising the food to contain "nothing artificial" despite the fact that the food indeed contains artificial and synthetic ingredients.

27.    Health-related nutritional claims on food packaging have increased in the United States as manufacturers seek to influence consumers' purchasing decisions. The FDA's most recent Food Label and Package Survey reports that over half of the food products reviewed had nutrient content claims on the packaging,

---

[8] http://www.fda.gov/Food/LabelingNutrition/ucm202734.htm and
http://www.fda.gov/Food/LabelingNutrition/LabelClaims/ucm187320.htm#front

[9] *Id.*; 2008 Health and Diet Survey, FDA, available at
http://www.fda.gov/Food/ScienceResearch/ResearchAreas/ConsumerResearch/ucm193895.htm

[10] *Id.*

and almost five percent of food products sold in the United States had either a health claim or a qualified health claim on the food package.  A health-related claim on packaging is an important revenue producing mechanism for companies like Kashi because in an ever more health conscious, yet time-crunched culture, American consumers seek wholesome, natural foods to achieve a healthy diet and consider "front-of-package" nutritional claims when selecting and purchasing food items.

28.     Consumers are willing to pay a premium for products labeled as "All Natural" over comparable products that are not "All Natural" based on the implicit health benefits of the former and their desire to maintain a healthy, all-natural, and wholesome diet.

29.     Kashi has used the "All Natural" label to develop its brand by promoting its "All Natural" food philosophy and to sell its food products.  Indeed, for the past 27 years, Kashi has cultivated and reinforced a corporate image catered to this "All Natural" theme.  The "All Natural" label appears on the food products identified in ¶¶ 31-38 below, even though each of these products uses one or more synthetic or artificial ingredients. The existence of synthetic or artificial ingredients in Kashi's food products renders the use of the "All Natural" label false and misleading. Faced with a choice to manufacture its food products with either (a) natural or (b) synthetic and artificial ingredients, Kashi chose the latter option. Nevertheless, Kashi chose to label its food products as "All Natural" and advertise its food products as containing "nothing artificial" on its website.

30.     Although Kashi labels its food products as "All Natural," these foods in fact contain synthetic or artificial ingredients, including, but not limited to, the ingredients listed in the preceding section of this Complaint. Kashi's "All Natural" food labels state that they contain these ingredients, but such labels never disclosed that these ingredients were synthetic or artificial. This omission is both significant and material, because Kashi's "All Natural" representation on the food products'

labels would typically lead a consumer to expect that none of the ingredients in Kashi's food products would be synthetic or artificial, especially in light of the fact that Kashi's website expressly states that its products contain "nothing artificial."

31.    Kashi's food labels state that **Monocalcium Phosphate** is used as an ingredient in thirteen of Kashi's food products which otherwise claim to be "All Natural": *Kashi Waffles*: 7 Grain, Blueberry; *TLC Soft-Baked Cookies*: Happy Trail Mix, Oatmeal Dark Chocolate, Oatmeal Raisin Flax; *GoLean Waffles*: Original 7-Grain, Blueberry, Strawberry Flax; and *TLC Crackers*: Honey Sesame, Natural Ranch, Original 7 Grain, Toasted Asiago, Fire Roasted Veggie.[11]

32.    Kashi's food labels state that **Sodium Citrate** is used as an ingredient in one of Kashi's food products which otherwise claims to be "All Natural": *TLC Soft-Baked Cereal Bars*: Blackberry Graham.

33.    Kashi's food labels state that **Disodium Phosphate** is used as an ingredient in one of Kashi's food products which otherwise claims to be "All Natural": *TLC Crackers*: Country Cheddar.

34.    Kashi's food labels state that **Xanthan Gum** is used as an ingredient in sixteen of Kashi's food products which otherwise claim to be "All Natural": *Kashi Thin Crust Pizzas*: Basil Pesto, Caribbean Carnival, Five Cheese & Tomato, Margherita, Mexicali Black Bean, Mushroom Trio & Spinach, Roasted Garlic Chicken, Roasted Vegetable, Tomato Garlic Cheese; *TLC Soft-Baked Cereal Bars*: Baked Apple Spice, Blackberry Graham, Cherry Vanilla, Ripe Strawberry; and *Kashi Frozen Entrees*: Lemongrass Coconut Chicken, Red Curry Chicken, Spicy Black Bean Enchilada.

35.    Kashi's food labels state that **Sodium Acid Pyrophosphate** is used as an ingredient in fifteen of Kashi's food products which otherwise claim to be "All

---

[11] Attached to this Complaint as Exhibit A is a chart listing each Kashi food product and the identified artificial and/or synthetic ingredients contained therein.

Natural": *TLC Soft-Baked Cereal Bars*: Baked Apple Spice, Blackberry Graham, Cherry Vanilla, Ripe Strawberry; *Kashi Frozen Entrees*: Spicy Black Bean Enchilada; *Kashi Waffles*: 7 Grain, Blueberry; *TLC Crackers*: Fire Roasted Veggie, Natural Ranch, Honey Sesame, Original 7 Grain, Toasted Asiago; and *GoLean Waffles*: Original 7-Grain, Blueberry, Strawberry Flax.

36.    Kashi's food labels state that **Glycerin** or **Vegetable Glycerin** is used as an ingredient in thirty of Kashi's food products which otherwise claim to be "All Natural": *GoLean Chewy Protein & Fiber Bars*: Chocolate Almond Toffee; *GoLean Protein & Fiber Bars*: Cookies 'N Cream, Oatmeal Raisin; *GoLean Crunchy Protein & Fiber Bars*: Chocolate Almond, Chocolate Caramel, Chocolate Peanut, Chocolate Pretzel, Cinnamon Coffee Cake; *GoLean Roll! Protein & Fiber Bars*: Caramel Peanut, Chocolate Peanut, Chocolate Turtle, Fudge Sundae, Oatmeal Walnut; *Kashi Cold Cereal*: Granola Mountain Medley; *TLC Soft-Baked Cookies*: Happy Trail Mix, Oatmeal Dark Chocolate, Oatmeal Raisin Flax; *TLC Layered Granola Bars f/k/a TLC Fruit & Grain Bars*: Peanutty Dark Chocolate, Cranberry Walnut, Dark Chocolate Coconut, Pumpkin Pecan; *TLC Soft-Baked Cereal Bars*: Baked Apple Spice, Blackberry Graham, Cherry Vanilla, Ripe Strawberry; and *TLC Chewy Granola Bars*: Cherry Dark Chocolate, Dark Mocha Almond, Honey Almond Flax, Peanut Butter, Trail Mix.

37.    Kashi's food labels state that **Ascorbic Acid** is used as an ingredient in fourteen of Kashi's food products which otherwise claim to be "All Natural": *GoLean Roll! Protein & Fiber Bars*: Caramel Peanut, Chocolate Peanut, Chocolate Turtle, Fudge Sundae, Oatmeal Walnut; *GoLean Shakes*: Chocolate, Vanilla; *GoLean Crunchy Protein & Fiber Bars*: Chocolate Almond, Chocolate Caramel, Chocolate Peanut, Chocolate Pretzel, Cinnamon Coffee Cake; and *Kashi Frozen Entrees*: Black Bean Mango, Sweet & Sour Chicken.

38.    Kashi's food labels state that **Potassium Carbonate a/k/a Cocoa processed with Alkali** is used as an ingredient in seven of Kashi's food products

which otherwise claim to be "All Natural": *GoLean Crunchy Protein & Fiber Bars*: Chocolate Almond, Chocolate Pretzel; *GoLean Roll! Protein & Fiber Bars*: Chocolate Turtle; *GoLean Shakes*: Chocolate; *GoLean Protein & Fiber Bars*: Chocolate Malted Crisp, Peanut Butter & Chocolate; and *Kashi Frozen Entrees*: Southwest Style Chicken.

## CLASS ACTION ALLEGATIONS

39.    Plaintiff brings this Class action pursuant to Federal Rule of Civil Procedure 23(a), and 23(b)(1), 23(b)(2) and 23(b)(3), on behalf of herself and on behalf of all other members of the Class ("Class").

40.    The Class includes all persons who, for a period of four years prior to the filing of this Complaint, purchased in the United States Kashi's food products bearing the "All Natural" label but that actually contained synthetic or artificial ingredients. The Class excludes: (i) all persons who purchased Kashi's food products for resale; (ii) Kashi and its employees, principals, affiliated entities, legal representatives, successors and assigns; and (iii) the judges to whom this action is assigned and any members of their immediate families.

41.    Individual joinder of all Class members would be impracticable because, upon information and belief, there are tens of thousands of Class members who are geographically dispersed throughout the United States.

42.    Common questions of law or fact exist as to all members of the Class and predominate over the questions affecting only individual Class members. These common questions include:

a.    whether Kashi labeled its food products as "All Natural" and advertised its food products as containing "nothing artificial";

b.    whether Monocalcium Phosphate, Sodium Citrate, Disodium Phosphate, Xantham Gum, Sodium Acid Pyrophosphate, Glycerin or Vegetable Glycerin, Ascorbic

Acid, Potassium Carbonate a/k/a Cocoa processed with Alkali, and other ingredients recognized by federal regulation as synthetic or artificial ingredients are used in Kashi's food products labeled as "All Natural" and advertised as containing "nothing artificial";

c.    whether Kashi's labeling of its food products as "All Natural" and advertising of its food products as containing "nothing artificial" is likely to deceive class members and/or the general public;

d.    whether Kashi's representations are unlawful;

e.    the appropriate measure of damages, restitutionary disgorgement and/or restitution.

43.    Plaintiff's claims are typical of the claims of the Class. Plaintiff is a consumer who purchased Kashi's food products labeled as "All Natural" and advertised as containing "nothing artificial" but which actually contained synthetic or artificial ingredients. These purchases were made in the United States during the Class Period.  Plaintiff, therefore, is no different in any relevant respect from any other Class member, and the relief sought is common to the Class.

44.    Plaintiff is an adequate representative of the Class, as her interests do not conflict with the interests of the Class members she seeks to represent. Moreover, Plaintiff has retained counsel competent and experienced in conducting complex class action litigation.  Together, Plaintiff and counsel will adequately protect the interests of the Class.

45.    A class action is superior to other available means for the fair and efficient adjudication of this dispute because the damages suffered by each individual Class member likely will be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Kashi's unlawful conduct as well as the relatively small cost of the food products at

issue.  It would be virtually impossible for the Class members individually to effectively redress the wrongs done to them.  Even if the Class members could afford individual actions, class-wide litigation would still be preferable since individualized actions present the potential for inconsistent or contradictory judgments.  By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

46.    In the alternative, the Class may be certified because Kashi has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate preliminary and final equitable relief with respect to the Class.

## **VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT**

47.    Plaintiff repeats each and every allegation above as if fully set forth herein.

48.    Concurrently with the filing of this Complaint, Plaintiff sent notice to Kashi regarding its violation of the Consumer Legal Remedies Act ("CLRA"), in accordance with the requirements of Cal. Civ. Code § 1782.

49.    If Kashi does not correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770 within the time proscribed by the statute, Plaintiff will amend this complaint to add a cause of action for violation of the CLRA.

50.    Kashi is a "person" under § 1761 of the CLRA because it is a corporation.

51.    Plaintiff is a "consumer" within the meaning of § 1761 of the CLRA because she is an individual who purchased goods from Kashi for personal purposes.

52.    The conduct complained of herein involves a "transaction" within the meaning of the CLRA.

1    53.    Section 1770 of the CRLA proscribes "unfair methods of

2  competition and unfair or deceptive acts or practices" that are "intended to

3  result in the sale or lease of goods and services to consumers."

4    54.    Kashi engaged in multiple unlawful acts under the CLRA.

5    55.    Kashi has violated, and continues to violate, the CLRA in at least the

6  following three ways:

7       a.    Kashi represents that the transaction had characteristics which it did
8            not have, in violation of Civil Code § 1770(a)(5);

9       b.    Kashi represents that its goods were of a particular standard, quality or
10           grade, which they were not, in violation of Civil Code § 1770(a)(7);
             and

11      c.    Kashi advertised its goods with the intent not to provide what it
12           advertised, in violation of Civil Code § 1770(a)(9).

13    56.    Plaintiff and the Class request that this Court enjoin Kashi from

14  continuing to engage in the foregoing unlawful and deceptive methods, acts and

15  practices, pursuant to California Civil Code § 1780(a)(2). Otherwise, future

16  consumers of Kashi's food products will be damaged by its acts and practices in the

17  same way as have Plaintiff and the Class.

18                      **FIRST CAUSE OF ACTION**
19            **"Unlawful" Business Practices in Violation of**
     **The Unfair Competition Law ("UCL"), Bus. & Prof. Code §§17200, et seq.**
20

21    57.    Plaintiff repeats each and every allegation above as if fully set forth

22  herein.

23    58.    Under the UCL, unfair business competition includes any "unlawful,

24  unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or

25  misleading" advertising.  Cal. Bus. Prof. Code 17200. A business act or practice is

26  "unlawful" if it violates any established state or federal law.

27

28

59.    California's Sherman Food, Drug, and Cosmetic Law ("Sherman Law"), Article 6, Section 110660 provides that: "Any food is misbranded if its labeling is false or misleading in any particular."

60.    Kashi has violated and continues to violate the Sherman Law, Article 6, Section 110660 and, thus, has also violated and continues to violate the "unlawful" prong of the UCL by its use of the term "All Natural" on the labels of its food products which contained any of the following ingredients: Monocalcium Phosphate, Sodium Citrate, Disodium Phosphate, Xantham Gum, Sodium Acid Pyrophosphate, Glycerin or Vegetable Glycerin, Ascorbic Acid, or Potassium Carbonate a/k/a Cocoa processed with Alkali.

61.    This conduct also violates the FDA Policy regarding what is "natural" as set forth earlier in this Complaint. This identical conduct also serves as the sole factual basis of each cause of action brought by this Complaint, and Plaintiff does not seek to enforce any of the state law claims raised herein to impose any standard of conduct that exceeds that which would violate the FDA Policy concerning what is "natural."

62.    Through the acts and practices alleged above, Kashi has engaged in and continues to be engaged in unlawful business practices within the meaning of California Business and Professions Code 17200 *et seq.*

63.    By committing its unlawful acts and practices, Kashi has obtained and continues to obtain money from the Class.  Accordingly, Plaintiff requests that this Court cause Kashi to restore this money to Plaintiff and all Class members, to disgorge the profits Kashi made on these transactions, and to enjoin Kashi from continuing to violate the Unfair Competition Law or violating it in the same manner in the future as discussed herein.  Otherwise, the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## SECOND CAUSE OF ACTION
### "Unfair" Business Practices in Violation of
### The Unfair Competition Law ("UCL"), Bus. & Prof. Code §§17200, et seq.

64. Plaintiff repeats each and every allegation above as if fully set forth herein.

65. Under the UCL, unfair business competition includes any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. Prof. Code 17200. A business act or practice is "unfair" under the Unfair Competition Law if the gravity of the harm to the alleged victims outweighs the reasons, justifications and motives of the alleged wrongdoer.

66. Through Kashi's misleading description of its products as "All Natural" and containing "nothing artificial" when, in fact, a main ingredient is artificial or synthetic and not natural, Kashi has violated and continues to violate the "unfair" prong of the UCL. The gravity of the harm to the Class resulting from Kashi's unfair acts and practices outweighs any possible reasons, justifications and/or motives of Kashi for engaging in such deceptive acts and practices. By committing the acts and practices alleged above, Kashi has engaged and continues to be engaged in unfair business practices within the meaning of California Business and Professions Code 17200 *et seq.*

67. By committing its unlawful acts and practices, Kashi has obtained and continues to obtain money from the Class. Accordingly, Plaintiff requests that this Court cause Kashi to restore this money to Plaintiff and all Class members, to disgorge the profits Kashi made on these transactions, and to enjoin Kashi from continuing to violate the Unfair Competition Law or violating it in the same manner in the future as discussed herein. Otherwise, the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**THIRD CAUSE OF ACTION**
**"Fraudulent" Business Practices in Violation of**
**The Unfair Competition Law ("UCL"), Bus. & Prof. Code §§17200, et seq.**

68.     Plaintiff repeats each and every allegation above as if fully set forth herein.

69.     Under the UCL, unfair business competition includes any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.  Cal. Bus. Prof. Code 17200. A business act or practice is "fraudulent" under the Unfair Competition Law if it actually deceives or is likely to deceive members of the consuming public.

70.     Kashi's acts and practices of mislabeling their products as "All Natural," despite the fact that the products contain synthetic or artificial ingredients, has the effect of misleading consumers into believing the product is something that it is not.

71.     Due to Kashi's conduct described above, Kashi has been unjustly enriched and will continue to be unjustly enriched by the profits it has obtained from Plaintiff's and the Class' purchase of Kashi food products.

72.     By committing its unfair acts and practices, Kashi improperly obtained and continues to improperly obtain money from the Class. Accordingly, Plaintiff requests that this Court cause Kashi to restore this money to Plaintiff and all Class members, to disgorge the profits Kashi made on these transactions, and to enjoin Kashi from continuing to violate the Unfair Competition Law or violating it in the same manner in the future as discussed herein.  Otherwise, the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## FOURTH CAUSE OF ACTION
### False Advertising in Violation of
### California Business & Professions Code §§l7500, et seq.

73.     Plaintiff repeats each and every allegation above as if fully set forth herein.

74.     Plaintiff brings this cause of action on behalf of herself, members of the Class, as well as the general public.

75.     Kashi's use of advertising on its packaging and on its website to sell its food products is deceptive, untrue, or misleading within the meaning of California Business & Professions Code 17500, *et seq.* because those advertising statements are misleading and likely to deceive and continue to deceive members of the Class and the general public.

76.     In making and disseminating the statements alleged herein, Kashi knew or should have known that the statements were untrue or misleading, and acted in violation of California Business & Professions Code 17500, *et seq.*

77.     Kashi's misrepresentations and non-disclosures of the material facts set forth above constitute false and misleading advertising and, thus, constitute a violation of California Business & Professions Code 17500, *et seq.*

78.     By committing its deceptive acts and practices, Kashi has improperly obtained and continues to improperly obtain money from the Class. Accordingly, Plaintiff requests that this Court cause Kashi to restore this money to Plaintiff and all Class members. Plaintiff further requests that this Court enjoin Kashi from continuing to violate California Business & Professions Code §17500, *et seq.*, as discussed above.  Otherwise, the Class will continue to be harmed by Kashi's false and/or misleading advertising.

79.     Plaintiff seeks an order of this Court ordering Kashi to fully disclose the true nature of its misrepresentations, pursuant to California Business & Professions Code § 17535. Additionally, Plaintiff requests an order requiring Kashi

CASE NO: _____

1    to disgorge its ill-gotten gains and/or award full restitution of all monies wrongfully

2    acquired by Kashi by means of its false advertising, plus interest and attorneys' fees

3    so as to restore any and all monies which were acquired and obtained by means of

4    such untrue and misleading advertising, misrepresentations and omissions, and

5    which ill-gotten gains are still retained by Kashi.  Plaintiff and the Class may be

6    irreparably harmed and/or denied an effective and complete remedy if such an order

7    is not granted.

8        80.    Kashi's conduct is ongoing and continues to this date.  Plaintiff and the

9    Class are therefore entitled to the relief sought.

10                              **FIFTH CAUSE OF ACTION**
                                **Fraud in Violation of**
11                              **California Civil Code §1572**

12       81.    Plaintiff repeats each and every allegation above as if fully set forth

13   herein.

14       82.    During the Class Period, Kashi's food product labels uniformly

15   misrepresented that the food products were "All Natural." In fact, they contain

16   synthetic or artificial ingredients, including but not limited to Ascorbic Acid,

17   Disodium Phosphate, Glycerin or Vegetable Glycerin, Monocalcium Phosphate,

18   Potassium Carbonate a/k/a Cocoa processed with Alkali, Sodium Citrate, Xantham

19   Gum, and Sodium Acid Pyrophosphate. Although Kashi's labels did uniformly

20   disclose during the Class Period that the "All Natural" food products contained

21   these ingredients (except potassium carbonate which was not separately listed, but

22   was part of the alkalized cocoa and listed as such), the labels uniformly failed to

23   disclose during the Class Period that Kashi used synthetic or artificial ingredients in

24   these products.

25       83.    Kashi's claim on its food product labels that the food products were

26   "All Natural" constitutes an affirmative and intentional act of concealment and non-

27   disclosure because Ascorbic Acid, Disodium Phosphate, Glycerin or Vegetable

28

Glycerin, Monocalcium Phosphate, Potassium Carbonate a/k/a Cocoa processed with Alkali, Sodium Citrate, Xantham Gum, and Sodium Acid Pyrophosphate are all synthetic or artificial ingredients. Kashi had a duty to disclose this material information given its representation on its labels that its food products were "All Natural."

84.    Kashi's "All Natural" statements and representations and its affirmative and intentional concealments and omissions described herein were material due to the substantial likelihood that a reasonable prospective purchaser of its food products would have considered them important when deciding whether or not to purchase the products.

85.    Kashi knew that its food products were not "All Natural," and uniformly misrepresented its food products as "All Natural" and affirmatively concealed and omitted the truth with the intent and purpose of inducing consumers (*i.e.,* Plaintiff and the Class) to purchase its food products with an intent to deceive Plaintiff and the Class and induce them into purchasing Kashi food products.

86.    Kashi misrepresented, concealed, and/or failed to disclose the foregoing material facts from Plaintiff and the members of the Class, with knowledge that these facts may have justifiably induced Plaintiff and the members of the Class to not purchase Kashi's food products and, rather, purchase another manufacturer's products that were actually all natural, or to purchase a less expensive non-natural substitute product.

87.    As set forth above, Plaintiff relied on the "All Natural" representation on Kashi's food product labels as a material basis for her decisions to purchase Kashi's food products. Based on the materiality of Kashi's misrepresentations, concealments and omissions uniformly made on or omitted from its food product labels, reliance on those misrepresentations, concealments and omissions as a material basis for the decision to purchase Kashi's food products may be presumed or inferred for all Class members.

88.    Kashi carried out the scheme set forth in this Complaint willfully, wantonly and with reckless disregard for the interests of Plaintiff and the Class.

89.    Based on the foregoing, Plaintiff and the Class suffered injury by purchasing Kashi's food products represented as "All Natural" which were not, and/or by paying a premium for the supposedly "All Natural" food products over less expensive non-natural alternatives.  Accordingly, Plaintiff and the Class are entitled to recover damages, punitive damages, equitable relief such as restitution and disgorgement of profits, and declaratory and injunctive relief.

**SEVENTH CAUSE OF ACTION**
**Constructive Fraud in Violation of**
**California Civil Code §1573**

90.    Plaintiff repeats each and every allegation above as if fully set forth herein. Plaintiff pleads this cause of action in the alternative.

91.    According to Cal. Civ. Code § 1573, constructive fraud is "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him.

92.    During the Class Period, Kashi's food product labels uniformly misrepresented that the food products were "All Natural." In fact, they contain synthetic or artificial ingredients, including but not limited to Ascorbic Acid, Disodium Phosphate, Glycerin or Vegetable Glycerin, Monocalcium Phosphate, Potassium Carbonate a/k/a Cocoa processed with Alkali, Sodium Citrate, Xantham Gum, and Sodium Acid Pyrophosphate. Although Kashi's labels did uniformly disclose during the Class Period that the "All Natural" food products contained these ingredients (except potassium carbonate which was not separately listed, but was part of the alkalized cocoa and listed as such), the labels uniformly failed to disclose during the Class Period that Kashi used synthetic or artificial ingredients in these products.

93.    Kashi's claim on its food product labels that the food products were "All Natural" constitutes a breach of its duty to truthfully represent its food products to consumer because, far from being "All Natural," they contained Ascorbic Acid, Disodium Phosphate, Glycerin or Vegetable Glycerin, Monocalcium Phosphate, Potassium Carbonate a/k/a Cocoa processed with Alkali, Sodium Citrate, Xantham Gum, and Sodium Acid Pyrophosphate, which are all synthetic or artificial ingredients. Kashi had a duty to disclose this material information given its representation on its labels that its food products were "All Natural."

94.    Kashi's "All Natural" statements and representations and its concealments and omissions described herein were material due to the substantial likelihood that a reasonable prospective purchaser of its food products would have considered them important when deciding whether or not to purchase the products.

95.    Kashi knew or recklessly disregarded that its food products were not "All Natural," and uniformly misrepresented its food products as "All Natural" and affirmatively concealed and omitted the truth with the intent and purpose of inducing consumers (*i.e.,* Plaintiff and the Class) to purchase its food products.

96.    Kashi misrepresented, concealed, and/or failed to disclose the foregoing material facts from Plaintiff and the members of the Class, which facts may have justifiably induced Plaintiff and the members of the Class to not purchase Kashi's food products and, rather, purchase another manufacturer's products that were actually all natural, or to purchase a less expensive non-natural substitute product.

97.    As set forth above, Plaintiff relied on the "All Natural" representation on Kashi's food product labels as a material basis for her decisions to purchase Kashi's food products. Based on the materiality of Kashi's misrepresentations, concealments and omissions uniformly made on or omitted from its food product labels, reliance on those misrepresentations, concealments and omissions as a

material basis for the decision to purchase Kashi's food products may be presumed or inferred for all Class members.

98.     Based on the foregoing, Plaintiff and the Class suffered injury by purchasing Kashi's food products represented as "All Natural" which were not, and/or by paying a premium for the supposedly "All Natural" food products over less expensive non-natural alternatives.  Accordingly, Plaintiff and the Class are entitled to recover damages, punitive damages, equitable relief such as restitution and disgorgement of profits, and declaratory and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the other members of the Class, seeks judgment and relief as follows:

A.     An order certifying that this action is properly brought and may be maintained as a class action, that Plaintiff be appointed Class Representative and Plaintiff's counsel be appointed Counsel for the Class.

B.     Restitution in such amount that Plaintiff and all Class members paid to purchase Kashi's food products or paid as a premium over non-natural alternatives, or restitutionary disgorgement of the profits Kashi obtained from those transactions.

C.     Compensatory damages.

D.     Punitive Damages.

E.     A declaration and order enjoining Kashi from advertising its products misleadingly, in violation of California's Sherman Food, Drug and Cosmetic Law and other applicable laws as specified in this Complaint.

F.     An order awarding Plaintiff her costs of suit, including reasonable attorneys' fees, expert fees, and pre- and post-judgment interest.

G.     An order requiring an accounting for, and imposition of, a constructive trust upon, all monies received by Kashi as a result of the unfair, misleading, fraudulent and unlawful conduct alleged herein.

CASE NO: _____

1    H.    Such other and further relief as may be deemed necessary or

2 appropriate.

3                          **DEMAND FOR JURY TRIAL**

4        Plaintiff hereby demands a trial by jury on all causes of action and/or issues

5 so triable.

6 Dated:  October 12, 2011                    Respectfully submitted,

7

8                                    By:_____s/ Jason S. Hartley_____
                                     Jason S. Hartley
9                                    **STUEVE SIEGEL HANSON LLP**
                                     550 West C Street, Suite 610
10                                   San Diego, California 92101
                                     Tel: (619) 400-5822
11                                   Fax: 619-400-5832

12                                   **LITE DEPALMA GREENBERG, LLC**
                                     Bruce D. Greenberg (*pro hac* to be filed)
13                                   Allyn Z. Lite (*pro hac* to be filed)
                                     Susana Cruz Hodge (*pro hac* to be filed)
14                                   Two Gateway Center, 12th Floor
                                     Newark, NJ 07102
15                                   Tel: (973) 623-3000
                                     Fax: (973) 623-0211
16
                                     *Attorneys for the Plaintiff and the Class*
17

18

19

20

21

22

23

24

25

26

27

28

                                                      CASE NO: _____

℈JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Rosaclaire Baisinger, on behalf of herself and all others similarly situated

**DEFENDANTS**

Kashi Company, a California corporation

**(b)** County of Residence of First Listed Plaintiff   Allegheny County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Diego County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Jason Hartley, Stueve Siegel Hanson, LLP, 550 West C Street, Suite 610, San Diego, CA 92101 (619) 400-5822

Attorneys (If Known)

'11 CV2367 JM   JMA

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
B&P Code Sections 17200 et seq. & 17500, Civil Code Sections 1572 and 1973; 28 USC 1332

Brief description of cause:
Misrepresentation of products as "all natural" in violation of B&P Code Section 17200, 17500 & CLRA

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $   0.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE   Marilyn Huff   DOCKET NUMBER   11-cv-1967 H (BGS)

DATE
10/12/2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____